# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nasir Mohammad Mohammad-Qasim,<br><br>Petitioner,<br><br>v.<br><br>John Cantu, et al.,<br><br>Respondents. | No. CV-25-02637-PHX-SMB (MTM)<br><br>**ORDER** |

In this habeas action brought under 28 U.S.C. § 2241, Petitioner challenged his current immigration detention, claimed he is entitled to additional process before removal to a third country, and claimed he cannot be removed before adjudication of his request for a T-visa. (Doc. 14.) Petitioner also filed a Motion for Temporary Restraining Order and Preliminary Injunction. (Doc. 2.) The motion and petition are fully briefed. For the following reasons, the Court will dismiss Petitioner's challenges to third country removal, direct Respondents to file supplemental information regarding Petitioner's redetention, and dismiss Petitioner's T-visa claims.

## I.     Relevant Factual Background

Petitioner is a native and citizen of Afghanistan. (Doc. 14 ¶ 31.) He alleged he entered the United States in 2002 as a refugee child of his adoptive mother.[1] (*Id.* ¶ 37.) He became a lawful permanent resident in 2005. (*Id.*) On three occasions between 2007

---

[1] His adoptive mother is his biological aunt. Petitioner alleged he was trafficked by his aunt "who forced him to work rather than allowing him to attend high school, withheld food from him, and threatened to contact immigration and the police as methods of control." (Doc. 14 ¶ 37.)

1 and 2011, he was arrested for drug possession. (Doc. 12 at 2-3.) For one arrest, Petitioner was permitted to re-enter a drug diversion program, and for the other two he was convicted and was sentenced to pay fines, spent one day in jail, and entered a drug treatment program. (*Id.*) In 2009, Petitioner was arrested for three counts of domestic violence or interfering with judicial proceedings and was sentenced to a term of probation. Finally, in 2013, Petitioner was convicted of "accessory after the fact" under 18 U.S.C. § 3 for assisting his brother in committing naturalization fraud. He was sentenced to three years' probation. (Doc. 12 at 3.)

Petitioner was placed in removal proceedings in June 2015. (Doc. 14 ¶ 38.) Petitioner was determined to be removable, but was granted withholding of removal, relief under the Convention Against Torture, and asylum. (*Id.* ¶ 39.) The grant of asylum was ultimately vacated by the BIA, but the BIA affirmed the grant of withholding of removal and CAT protection. (*Id.* ¶ 41.) Petitioner filed a petition for review with the Ninth Circuit, which was denied on July 21, 2025. (*Id.* ¶ 44.) After the Ninth Circuit denied Petitioner's motion for reconsideration, his removal order became final on July 29, 2025. Petitioner was detained the same day. (*Id.* ¶ 45.)

Petitioner then brought a petition under § 2241 raising eleven claims for relief and filed his motion for temporary restraining order and preliminary injunction. As indicated, Petitioner's claims fall into three categories: challenges to his redetention, challenges to removal to a third country without due process, and challenges to the adjudication of his T-visa application.

**II.     Summary Dismissal of Third Country Removal Claims (Counts III, IV, V, VI, VII, and VIII)**

A district court may summarily dismiss a habeas corpus petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *See* Rule 4 of the Rules Governing § 2254 Cases; *see also, e.g., Jackson v. Ashcroft*, 347 F. Supp. 2d 924, 925 (D. Or. 2004) (dismissing § 2241 Petition pursuant to Rule 4).

Petitioner's claims regarding third country removal, at this juncture, are speculative. For purposes of standing, an injury must be "'concrete and particularized,' as well as 'actual or imminent,'" and cannot be 'conjectural or hypothetical.'" *Carney v. Adams*, 592 U.S. 53, 58 (2020) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). It is not at all clear Petitioner will be subject to third country removal. Moreover, his claims are duplicative of the claims brought in another litigation in which he is a class member, *D.V.D. v. U.S. Dep't of Homeland Sec.*, No. 25-cv-10676 (D. Mass.), which is also challenging the procedures related to third country removal. The Court will therefore dismiss counts three through seven without prejudice.

## III. Discussion

### A. Redetention Claims (Counts I, II, and VIII)

Respondents argue 8 U.S.C. § 1252(g) strips this Court of jurisdiction to hear Petitioner's claims.[2] It does not. Section 1252(g) "does not preclude jurisdiction over the challenges to the legality of [a noncitizen's] detention." *Kong v. United States*, 62 F.4th 608, 609 (1st Cir. 2023). *See also Hasan v. Crawford*, 2025 WL 2682255, *4 (E.D. Va. 2025) ("Because Hasan's custody proceedings are independent of, and collateral to, the removal process, § 1252(g) does not serve as a jurisdictional bar. Accordingly, the Court finds that it possesses jurisdiction to entertain Hasan's Petition to the extent he challenges the constitutionality of his detention."). The Court will therefore consider Petitioner's redetention claims.

The record reflects Petitioner was released on bond on November 17, 2020. (Doc. 14 ¶ 5.) While DHS appealed that decision, the BIA dismissed the appeal because CAT relief granted to Petitioner had been affirmed by the BIA and become final. In that February 2025 Order, the BIA vacated Petitioner's bond because by that time the Immigration Judge had issued a final order of removal. (Doc. 2-1 at 10.) Petitioner's removal order became final on July 29, 2025, and according to Respondents, he was subject

---

[2] "[N]o court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders." 8 U.S.C. § 1252(g).

to mandatory detention under 8 U.S.C. § 1231(a). But Respondents also acknowledge Petitioner's release is subject to 8 C.F.R. § 241.4(l), and "ICE is required to give Petitioner additional procedures under the Post Order Custody Review Regulations in 8 C.F.R. § 241.4." (Doc. 12 at 19.) Respondents do not, however, produce any evidence that they have complied with these procedures. To consider this claim, Respondents must supplement the record with documentary evidence and a declaration outlining the process undertaken to revoke Petitioner's release.

### B.     T-Visa Adjudication Claims (Counts IX, and X)

Finally, Petitioner challenges 8 C.F.R. § 214.202(b)(2)(i), which authorizes removal prior to adjudication of a pending T-visa application. Petitioner contends this process violates the Administrative Procedures Act because T-visas were created to protect victims of trafficking, and once removed, an applicant becomes ineligible for a T-visa, thereby undermining the purpose of the visa itself.

In *Pinson v. Carvajal*, the Ninth Circuit clarified the scope of claims that may be brought in habeas corpus proceedings. 69 F.4th 1059 (9th Cir. 2023). A claim sounds in habeas corpus only "if a successful petition demonstrates that the *detention itself* is without legal authorization." *Id.* at 1070 (emphasis in original). "By contrast, claims that if successful would not necessarily lead to the invalidity of the custody are not at the core of habeas corpus," and a court thus lacks jurisdiction to consider them. *Id.* at 1071. In determining whether a claim lies in habeas corpus, "the relevant question is whether, based on the allegations in the petition, release is legally required irrespective of the relief requested." *Id.* at 1072 (emphasis omitted).

This claim challenges aspects of his immigration proceedings but does not challenge the legality of his detention and even if successful, would not result in his release from immigration detention. The Court therefore finds that a habeas petition under § 2241 is not the appropriate vehicle to bring the T-visa claims and these will be dismissed.

**IT IS THEREFORE ORDERED** Counts III through VII, and IX and X are **dismissed**.

**IT IS FURTHER ORDERED** no later than Monday October 13, 2025, Respondents must supplement the record with documentary evidence and a declaration outlining the process undertaken to revoke Petitioner's release under 8 C.F.R. § 241.4. Petitioner may reply to Respondents' submission no later than Monday, October 20, 2025.

Dated this 6th day of October, 2025.

_____
Honorable Susan M. Brnovich
United States District Judge